JOHN G. MCDONALD, JR., and BARBARA A. MCDONALD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
McDonald v. Commissioner
Docket No. 3149-72.
United States Tax Court
T.C. Memo 1973-108; 1973 Tax Ct. Memo LEXIS 182; 32 T.C.M. (CCH) 488; T.C.M. (RIA) 73108; May 7, 1973 Filed. John G. McDonald, Jr., pro se. Lewis M. Porter, Jr., for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1970 in the amount of $723.15. The issue for decision is whether petitioners are entitled to deduct $2,500 paid in settlement of a suit brought by petitioner John G. McDonald, Jr.'s ex-wife for arrearages in child support and a legal fee *183 of $1,216 paid in defending that proceeding and in connection with his suit for custody of his minor child. 2 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who resided in Chicago, Illinois at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1970 with the district director of internal revenue, Chicago, Illinois. Prior to 1970 John G. McDonald, Jr. (hereinafter referred to petitioner) had been married to Shirley M. McDonald (Shirley). Petitioner and Shirley were divorced in 1959, and Shirley was awarded custody of their monor child. Shirley waived and was barred from receiving alimony but under the divorce decree petitioner was to pay $17.50 per week for support of the minor child of the couple. Subsequent to the entry of the divorce decree, disputes arose between petitioner and Shirley involving arrearages in child support payments and claims by Shirley for an increase in the amount of the child support payments. On April 7, 1967, an order was entered against petitioner for arrearages of $3,225 of child support payments. Thereafter, *184 petitioner filed a petition for change of custody of the minor child and termination of the support payments. On March 11, 1970, an order was entered by the Circuit Court of Cook County, Illinois, County Department, Divorce Division, modifying the decree for divorce entered on June 25, 2959, to provide that the care, custody, control, and education of the minor child of petitioner and Shirley be awarded to petitioner and that the payments for child support be terminated. This same order provided 3 that a hearing of Shirley's petition regarding arrearages for child support be continued to April 20, 1970. Prior to the time set for this hearing Shirley and petitioner reached an agreement that petitioner would pay Shirley $2,500 for any arrearages in child support due her and her attorney's fees. Pursuant to this agreeemnt the Circuit Court of Cook County, Illinois entered an order that: John McDonald shall pay to the plaintiff, Shirley McDonald the sum of $2500.00 which payment is hereby made in open Court. That said payment is made in full satisfaction of all orders entered against the said John McDonald in connection with the child support, alimony and attorney's fees *185 on behalf of plaintiff's attorney. * * * the petition for arrearage for child support * * * is hereby dismissed, all matters in controversy having been compromised and all costs having been paid. Petitioner paid the $2,500 called for in the order to Shirley in 1970, and in addition, in that year, paid the attorney who represented him in the custody suit and in defense of the claim of Shirley for arrearages in child support the amount of $1,216. Petitioners on their income tax return for the year 1970 deducted under miscellaneous deductions the $2,500 paid to Shirley and the $1.216 paid to petitioner's lawyer. Respondent in his notice of deficiency disallowed these claimed deductions with the explanation that the amounts were personal in nature and not deductible. 4 OPINION
Section 162, I.R.C. 1954, provides for the deduction of ordinary and necessary business expenses, and section 212 provides for the allowance to an individual of a deduction for all ordinary and necessary expenses paid during the taxable year for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income. Petitioner *186 does not specify under what section of the Internal Revenue Code he considers the payments to Shirley and to his lawyer to be deductible. However, he has made no contention or showing that the payments were in connection with his business activities. Therefore, since the only section which would permit deduction of miscellaneous nonbusiness expenses of the type which petitioner is claiming is section 212, petitioner, in order to be entitled to the claimed deductions, must show that they are deductible under that section. There is no breakdown of the $2,500 between the amount paid for arrearages in child support and the amount paid for Shirley's attorney's fees. Petitioner specifically testified that the suit did not involve any claimed alimony and that none of the payments was for alimony. This also is supported by the fact that in the divorce proceeding, Shirley waived and was forever barred from receiving alimony. The amount of $2,500 that is for arrearages in child support payments is of the same nature as the weekly child support payments which 5 petitioner made. Such payments are just the same as the daily living expenses paid by a father for the support of his child *187 who is living in his household. These payments are clearly family and personal living expenses and specifically not deductible under the provisions of section 262 which provides that, except as otherwise expressly provided, no deduction shall be allowed for personal, living, or family expenses. The origin of the suit by Shirley against petitioner for child support payments was in the divorce proceeding. Under the divorce decree, Shirley was awarded custody of the minor child of the marriage and petitioner was required to make support payments. Since the amount paid to Shirley for her attorney's fees was in connection with a suit which had its origin in purely personal or family matters, the amount of the $2,500 which represented Shirley's attorney's fees is likewise not deductible by petitioner. United States v. Gilmore, 372 U.S. 39 (1963). Similarly, the amount paid by petitioner to his own attorney arose from suits involving personal and family matters. These fees were paid in connection with a suit by petitioner to obtain custody of his minor daughter and in defense of Shirley's claim for arrearages in child support payments. The necessity for petitioner's payment *188 of attorney's fees to his own attorney likewise had its origin in personal and family matters and these attorney's fees are not deductible. United States v. Gilmore, supra, , and William F. Wallace, Sr., 56 56 T.C. 624, 632 (1961). 6 We therefore sustain respondent in the disallowance Shirley in settlement of her suit for child support arrearages and for payment of attorney's fees. Decision will be entered for respondent.